UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

| | |
|---|---|
| STEVEN HESS and NANCY MCLANE,<br><br>  Plaintiffs,<br>v.<br><br>SIMM ASSOCIATES, INC. and<br>CALIBER HOME LOANS, INC.,<br><br>  Defendant. | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiffs, STEVEN HESS and NANCY MCLANE, by and through undersigned counsel, sue Defendant, JPMorgan Chase Bank, N.A., and alleges:

**GENERAL ALLEGATIONS**

1. Plaintiff NANCY MCLANE is a natural person who resides in Cantonment, Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) ("FDCPA") and Florida Consumer Collection Practices Act, FLA. STAT § 559 *et seq.* ("FCCPA").

2. Plaintiff STEVEN HESS is a natural person who resides in the Cantonment, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and FLA. STAT § 559.

3. Defendant SIMM ASSOCIATES, INC. (hereinafter "Simm") is a collection agency operating from an address of 800 PENCADER DRIVE NEWARK, DE 19702, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). Simm routinely conducts its business of debt collection throughout the State of Florida.

4. Defendant CALIBER HOME LOANS, INC. (hereinafter "Defendant" or "Caliber") is a collection agency operating from an address of 3701 Regent Boulevard, Suite 200, Irving, TX 75063, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). Caliber routinely conducts its' business in the collection of debts throughout the State of Florida and in the subject jurisdiction.

5. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiff's personal and financial privacy by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

6. Venue is proper in this District because the acts and transactions occurred in Florida, Plaintiffs are and have been at all material times Florida residents, and Defendants transact business throughout this jurisdiction and have availed themselves of the venue.

## FACTUAL ALLEGATIONS

7. On or about July 31, 2006, Plaintiffs allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely a mortgage with lender, BENEFICAL OHIO, INC .

8. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Caliber Home Loans, Inc. ("Caliber").

9. On August 4, 2014, Caliber and Plaintiffs entered into a Consent Judgement wherein any deficiency of the amount owed was waived. See attached as *Exhibit "A"* a true and correct copy of the Consent Judgment.

10. Thereafter, Defendant sent dunning collection letter(s) to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2). *See attached Composite Exhibit "B"*.

11. Although each of the letter(s) state it is not an attempt to collect a debt, the letter is misleading as it falsely states an amount owed, contains language stating it has not yet filed a notice of foreclosure, and includes the payment slip for Plaintiff to send in with his payment. Thus Defendant cannot obviate the use of required language by including the following language: "This agency is engaged in the collection of a debt…. It is not an attempt to collect a debt.  Furthermore, if your account has been discharged through bankruptcy you are personally liable for any outstanding payment… IMPORTANT MESSAGE: The servicer has not made the first notice of filing required by applicable law for any foreclosure process."  The least sophisticated consumer and an average or reasonably sophisticated consumer would deem the letter a statement of bill to be paid.

12. The collection letters violate the FDCPA and the FCCPA due to the waiver of deficiency as referenced in Exhibit A, Page 2, first full paragraph.

13. Exhibit 1 is therefore a communication in violation of numerous and multiple provisions of the FDCPA including but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1).

14. Additionally, Defendant Caliber continues to report this debt as past due to reporting agencies. This reporting is a communication in connection with a debt. The reporting of this debt as past due and owing is false and misleading and has caused harm to the Plaintiffs.

15. Furthermore, Caliber's communication assigning the debt for collection by Simm.

16. Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of anger, anxiety, emotional distress, fear, humiliation, frustration, amongst

other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at Plaintiff's home and workplace. *See Verifications, Exhibit C & D.*

## TRIAL BY JURY

17. Plaintiff is entitled to and hereby respectfully demands a trial by jury.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA including but not limited to, §§ 1692e(2), e(8), f(1) and j. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

## COUNT III

## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT,

## FLA. STAT § 559 *et seq.* FCCPA

20. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

21. Defendants' foregoing acts against Plaintiff constitutes violations of the Florida Consumer Collections Practices (FCCPA) Act FLA. STAT. § 559 et seq.

22. These violations of the Florida Consumer Collections Practices Act were willful as set for the above.

23. In determining the Defendants' liability for any additional statutory damages, the court shall consider the nature of the Defendants' noncompliance with Section 559.72, the frequency and persistence of the noncompliance, and the extent to which the noncompliance was intentional.

24. The FCCPA prohibits willful communication with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.  See Fla. Stat. §559.72(7).

25. The FCCPA prohibits a debt collector from claiming, attempting, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist. See Fla. Stat. §559.72(9). Here, Defendant repeatedly and/or continuously mailed dunning collection letters and statements to Plaintiffs for a debt Plaintiffs do not owe and for which it was not authorized to collect.

26. As a result of Defendants' violations of Fla. Stat. § 559.72 Plaintiff is entitled to actual damages and for additional statutory damages in the amount up to $1000.00 together with court costs and reasonable attorney's fees incurred by the Plaintiff.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

**COUNT I**

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- For an award of actual damages to each Plaintiff pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant;
- for an award of statutory damages of $1,000.00 to each Plaintiff pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant;
- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant;
- for such other legal and/or equitable relief as may be just and proper.

## COUNT II

## VIOLATIONS OF THE FCCPA

1. For an award of actual damages to each Plaintiff pursuant to FCCPA against each and every Defendant;
2. for an award of statutory damages of $1,000.00 to each Plaintiff pursuant to FCCPA against each and every Defendant;
3. for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant;
4. for such other legal and/or equitable relief as may be just and proper.

**Respectfully submitted,**

Dated: September 15, 2016

*/s/ Jessica Kerr, Esq.*

**FBN: 92810**
**J & M Advocacy Group, LLC**
**Attorney for Plaintiffs**
**4651 Sheridan Street, Ste. 301**
**Hollywood, FL 33021**
**Telephone (954)962-1166**
**Email: jessica@jmadvocacygroup.com**
**Email 2: service@jmadvocacygroup.com**